IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                              )<br>)<br>REGINALD WAYNE MILLER           ) | CRIMINAL NO.: 4:14-CR-409 -RBH (1) |

### AMENDED PRELIMINARY ORDER OF FORFEITURE AS TO REGINALD WAYNE MILLER

This matter is before the court on the motion of the United States for an Amended Preliminary Order of Forfeiture as to Defendant Reginald Wayne Miller ("Miller", "Defendant"), based upon the following:

1. On August 29, 2014, a multi-count Information was filed charging Miller with the following:

   Counts 1-2:  Fraud in foreign labor contracting, in violation of 18 U.S.C. § 1351;
   Counts 3-4:  Visa fraud, in violation of 18 U.S.C. § 1546(a); and
   Counts 5-6:  Willful failure to pay minimum wage, in violation of 29 U.S.C. § 216

2. Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a forfeiture allegation providing that upon Miller's conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States. As specified therein, such assets include, but are not limited to the following:

   A.   Proceeds:[1]

   A sum of $244,411.63 in United States currency, and all interest and proceeds traceable thereto, in that such sum in the aggregate constitutes proceeds the Defendant obtained, directly or indirectly, as the result of his

---

[1] This reduced amount reflects the forfeiture amount ordered by the Court at sentencing.

violation of 18 U.S.C.§§ 1351 and 1546(a), and 29 U.S.C.§ 216 as charged in the Information.

3. On September 3, 2014 Miller pled guilty to Counts 1-6 of the Information, which charges fraud in foreign labor contracting, in violation of 18 U.S.C. § 1351, visa fraud, in violation of 18 U.S.C. § 1546(a), and the willful failure to pay minimum wage in violation of 29 U.S.C. § 216.

4. Based upon Defendant's conviction, the court has determined that the property described above is subject to forfeiture, pursuant to 18 U.S.C. § 982(a)(6), and 28 U.S.C. § 2461(c).

5. The court has determined that the government has established the requisite nexus between the money judgment and the offense for which Miller has been convicted; therefore, the United States is entitled to an Amended Preliminary Order of Forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights.

Accordingly, it is hereby **ORDERED,**

1. The below-described property, and all right, title, and interest of the Defendant, Reginald Wayne Miller, in and to such property, is hereby forfeited to the United States of America, for disposition in accordance with law, subject to the rights of third parties in such property under 21 U.S.C. § 853(n).

2. FORFEITURE IS ORDERED against Miller and in favor of the United States in the amount of $75,000.00, along with appropriate costs and interest thereon at the rate provided for in 28 U.S.C. § 1961. The United States may at any time move pursuant to Rule 32.2(e) to amend this Order to substitute property to satisfy the money judgment.

3. The United States may sell or otherwise dispose of any substitute assets in accordance with law as required to satisfy the above imposed money judgment.

4. Upon the entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, or other substitute assets, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

5. The government is not required to publish notice regarding the personal money judgment against Defendant; however, the Order shall be recorded in the records of the County Clerk's Office in the County of the debtor's residence, place of business, and any and all other counties in which the debtor has either real or personal property, as a lien thereon.

6. Upon entry of the criminal judgment, this Order becomes final as to Defendant, and shall be made a part of the sentence and included in the criminal judgment.

7. The court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

8. The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

October 23, 2015                         s/ R. Bryan Harwell
Florence, South Carolina                 R. Bryan Harwell
                                         United States District Judge