AO 245B (SCDC Rev.09/11) Judgment in a Criminal Case Sheet 1

# UNITED STATES DISTRICT COURT
## District of South Carolina

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| vs. | |
| **REGINALD WAYNE MILLER** | Case Number: **4:14CR00409-RBH (1)** |
| | USM Number: <u>27167-171</u> |
| | <u>Thomas Brittain & Thomas Brittain, Jr., Retained</u><br>Defendant's Attorney |

**THE DEFENDANT:**

■   pleaded guilty to counts <u>1, 2, 3, 4, 5 and 6 of the information on September 3, 2014</u> .

☐   pleaded nolo contendere to count(s) _____which was accepted by the court.

☐   was found guilty on count(s) __after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1351 | Please see information | 06/20/12 | 1s |
| 18:1351 | Please see information | 11/25/13 | 2s |
| 18:1546(a) | Please see information | 06/20/12 | 3s |
| 18:1546(a) | Please see information | 11/25/13 | 4s |
| 29:206, 215(a)(2) & 216 | Please see information | 05/22/14 | 5s |
| 29:206, 215(a)(2) & 216 | Please see information | 05/22/14 | 6s |

The defendant is sentenced as provided in pages 2 through <u>8</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has been found not guilty on count(s)_____.

■   Counts <u>1 and 2 of the indictment</u> ☐ is ■ are   dismissed on the motion of the United States.

☐   Forfeiture provision is hereby dismissed on motion of the United States Attorney.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

<u>October 22, 2015</u>
Date of Imposition of Judgment

<u>s/ R. Bryan Harwell</u>
Signature of Judge

<u>Hon. R. Bryan Harwell, U.S. District Judge</u>
Name and Title of Judge

<u>October 28, 2015</u>
Date

AO 245B (SCDC Rev. 09/11) Judgment in a Criminal Case
    Sheet 2 - Imprisonment

Page 2

DEFENDANT: REGINALD WAYNE MILLER
CASE NUMBER: 4:14CR00409-RBH (1)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **time served**. This term consists of time served as to each of counts 1, 2, 3 and 4 and time served as to each of Counts 5 and 6. All such terms shall run concurrently. (Total aggregate sentence: time served.)

☐    The court makes the following recommendations to the Bureau of Prisons:

☐    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:
    ☐ at _____ ☐ a.m.  ☐ p.m. on _____.
    ☐ as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on _____.
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this Judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
                UNITED STATES MARSHAL

By _____
                DEPUTY UNITED STATES MARSHAL

AO 245B (SCDC Rev. 09/11) Judgment in a Criminal Case
Sheet 3 - Supervised Release

Page 3

DEFENDANT: REGINALD WAYNE MILLER
CASE NUMBER: 4:14CR00409-RBH (1)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **three (3) years**. This term consists of 3 years as to Counts 1, 2, 3 and 4 and 1 year as to Counts 5 and 6. All such terms are to run <u>concurrently</u>.

While on supervised release, the defendant shall comply with the mandatory and standard conditions of supervision outlined in 18 U.S.C. § 3583(d) and the following special conditions: SEE PAGE 4

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (SCDC Rev. 09/11) Judgment in a Criminal Case

DEFENDANT: REGINALD WAYNE MILLER
CASE NUMBER: 4:14CR00409-RBH (1)

## SUPERVISED RELEASE

## SPECIAL CONDITIONS:

1. For the first 12 months of supervision, the defendant shall be on home confinement with electronic monitoring The defendant shall make co-payments toward this expense not to exceed an amount determined reasonable by the court approved "U.S. Probation Office's Sliding Scale for Service."

2. The defendant shall perform 500 hours community service as directed by probation office.

3. The defendant shall submit financial documents and verification of income to the U.S. Probation Officer as requested. The Court reserves the right to increase payments based upon any increase in financial status.

4. The defendant shall not open additional lines of credit without the approval of the U.S. Probation Office.

5. The defendant shall satisfactorily participate in a mental health treatment program, to include anger management, as approved by the U.S. Probation Office. The defendant shall contribute to the costs of the program not to exceed an amount determined reasonable by the court approved "U.S. Probation Office's Sliding Scale for Services", and shall cooperate in securing any applicable third-party payment, such as insurance or "Medicaid."

AO 245B (SCDC Rev. 09/11) Judgment in a Criminal Case
    Sheet 4 - Criminal Monetary Penalties

Page 5

DEFENDANT: REGINALD WAYNE MILLER
CASE NUMBER: 4:14CR00409-RBH (1)

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the total criminal monetary penalties under the schedule of payments on Sheet 5.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 420.00 | | $ 75,000.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case(AO245C)* will be entered after such determination.

■ The defendant must make restitution (including community restitution) to the following payees: **SEE PAGES 7 - 8**

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

  TOTALS

☐ Restitution amount ordered pursuant to plea agreement   $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

■ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
      ■ The interest requirement is waived for the ☐ fine  ■ restitution.
      ☐ The interest requirement for the ☐ fine ☐ restitution is modified as follows:

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (SCDC Rev. 9/11) Judgment in a Criminal Case
Sheet 5 - Schedule of Payments                                                                                              Page 6

DEFENDANT: REGINALD WAYNE MILLER
CASE NUMBER: 4:14CR00409-RBH (1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ■  Lump sum payment of **$420.00 (special assessment) and $75,000.00 (restitution)** due immediately, balance due

    ☐ not later than _____ , or

    ☐ in accordance with  ☐ C,  ■ D, or  ☐ E, or ☐ F below: or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____(weekly, monthly, quarterly)  installments of $_____over a period of _____(e.g.,
    months or years), to commence _____  *(30 or 60 days)*  after the date of this judgment; or

D  ■  Restitution payment in <u>monthly</u> installments of <u>not less than $500.00</u> to commence *30 days* after release from imprisonment to a
    term of supervision; or

E  ☐  Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from imprisonment.  The
    court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount,
    and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.
☐  The defendant shall pay the following court cost(s):
■  The defendant shall forfeit the defendant's interest in the following property to the United States:

As directed in the Preliminary Order of Forfeiture, filed <u>10/23/15</u> and the said order is incorporated herein as part of this judgment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT NAME: **Reginald Wayne Miller**                    Page 7
CASE NUMBER: **4:14CR00409-RBH (1)**

### RESTITUTION PAYEES

| No. | Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|---|
| 1 | Calin-Paul Alb | $11,977.57 | $5,836.07 | |
| 2 | Stefanie Alb | $2,677.55 | $1,304.64 | |
| 3 | Frederick Ochieng Babu | $12,307.25 | $5,996.70 | |
| 4 | Johnathan Castro | $0.00 | $0.00 | |
| 5 | Mark Dragalin | $6,354.21 | $3,096.09 | |
| 6 | Nathalie Guerrero | $8,884.50 | $4,328.97 | |
| 7 | Esteban Jose Villarreal Jimenez | $26,988.70 | $13,150.22 | |
| 8 | Mario Moradel | $16,759.70 | $8,166.15 | |
| 9 | Diane Moradel | $13,852.75 | $6,749.74 | |
| 10 | Rebecca Popan | $7,642.44 | $3,723.78 | |
| 11 | Ashley Robeson | $8,751.38 | $4,264.10 | |
| 12 | Noe Cahuana Samaniego | $4,517.95 | $2,201.36 | |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

| 13 | Lenin Bueno-Tejeda | $7,842.94 | $3,821.46 | |
| 14 | Nikesh Thapaliya | $9,627.48 | $4,690.98 | |
| 15 | Nikita Thapaliya | $7,255.89 | $3,535.43 | |
| 16 | Lavinia Zamta | $8,485.00 | $4,134.31 | |
| | **Total** | **$153,925.31** | **$75,000.00** | |

Page 8

DEFENDANT NAME:     **Reginald Wayne Miller**
CASE NUMBER:         **4:14CR00409-RBH (1)**

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 4:14-CR-409 -RBH (1) |
| | ) | |
| v. | ) | |
| | ) | |
| REGINALD WAYNE MILLER | ) | |

AMENDED PRELIMINARY ORDER OF FORFEITURE AS TO
REGINALD WAYNE MILLER

This matter is before the court on the motion of the United States for an Amended

Preliminary Order of Forfeiture as to Defendant Reginald Wayne Miller ("Miller",

"Defendant"), based upon the following:

1.     On August 29, 2014, a multi-count Information was filed charging Miller

with the following:

>           Counts 1-2: Fraud in foreign labor contracting, in violation of 18
>                           U.S.C. § 1351;
>           Counts 3-4: Visa fraud, in violation of 18 U.S.C. § 1546(a); and
>
>           Counts 5-6: Willful failure to pay minimum wage, in violation of 29
>                           U.S.C. § 216

2.     Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a forfeiture

allegation providing that upon Miller's conviction, certain properties enumerated therein,

or equivalent substitute assets, would be subject to forfeiture to the United States. As

specified therein, such assets include, but are not limited to the following:

>           A.     Proceeds:[1]
>
>           A sum of $244,411.63 in United States currency, and all interest and
>           proceeds traceable thereto, in that such sum in the aggregate constitutes
>           proceeds the Defendant obtained, directly or indirectly, as the result of his

_____

[1] This reduced amount reflects the forfeiture amount ordered by the Court at sentencing.

violation of 18 U.S.C.§§ 1351 and 1546(a), and 29 U.S.C.§ 216 as charged in the Information.

3.    On September 3, 2014 Miller pled guilty to Counts 1-6 of the Information, which charges fraud in foreign labor contracting, in violation of 18 U.S.C. § 1351, visa fraud, in violation of 18 U.S.C. § 1546(a), and the willful failure to pay minimum wage in violation of 29 U.S.C. § 216.

4.    Based upon Defendant's conviction, the court has determined that the property described above is subject to forfeiture, pursuant to 18 U.S.C. § 982(a)(6), and 28 U.S.C. § 2461(c).

5.    The court has determined that the government has established the requisite nexus between the money judgment and the offense for which  Miller has been convicted; therefore, the United States is entitled to an Amended Preliminary Order of Forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights.

Accordingly, it is hereby **ORDERED,**

1.    The below-described property, and all right, title, and interest of the Defendant, Reginald Wayne Miller, in and to such property, is hereby forfeited to the United States of America, for disposition in accordance with law, subject to the rights of third parties in such property under 21 U.S.C. § 853(n).

2.    FORFEITURE IS ORDERED against Miller and in favor of the United States in the amount of $75,000.00, along with appropriate costs and interest thereon at the rate provided for in 28 U.S.C. § 1961. The United States may at any time move pursuant to Rule 32.2(e) to amend this Order to substitute property to satisfy the money judgment.

Order, p. 2 of 3

3.      The United States may sell or otherwise dispose of any substitute assets in accordance with law as required to satisfy the above imposed money judgment.

4.      Upon the entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, or other substitute assets, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

5.      The government is not required to publish notice regarding the personal money judgment against Defendant; however, the Order shall be recorded in the records of the County Clerk's Office in the County of the debtor's residence, place of business, and any and all other counties in which the debtor has either real or personal property, as a lien thereon.

6.      Upon entry of the criminal judgment, this Order becomes final as to Defendant, and shall be made a part of the sentence and included in the criminal judgment.

7.      The court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

8.      The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

October 23, 2015                          s/ R. Bryan Harwell
Florence, South Carolina                  R. Bryan Harwell
                                          United States District Judge

Order, p. 3 of 3